IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LESLIE D. MOWER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Civil Case No. 2:08-CV-5-TC<br><br>Criminal Case No. 2:02-CR-787 |

Petitioner Leslie D. Mower filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. She raises claims under the Sixth Amendment, contending that she received ineffective assistance of counsel during trial. The United States filed a response, and the court has scheduled a hearing for June 13, 2008. In preparation for the hearing, the United States seeks a ruling that Ms. Mower waived her attorney-client privilege regarding the issues she has raised in her motion.

The court agrees that Ms. Mower, by filing her claims of ineffective assistance of counsel, impliedly waived the privilege concerning communications with her trial lawyers that are at issue in her § 2255 Motion. See, e.g., Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [§ 2255 movant] put at issue—and thereby waived—any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."). See also Bittaker v. Woodford, 331 F.3d 715, 716

(9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waived the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir. 1997) (waiver extends to communications at issue in ineffective assistance claims); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (client expressly or impliedly waives attorney-client privilege when "attack by the client upon his attorney's conduct . . . calls into question the substance of their communications.").

Accordingly, the United States may seek the evidence necessary from Ms. Mower's trial attorney to defend against Ms. Mower's claims. The court will hear evidence, including testimony of Ms. Mower's trial attorneys, during the June hearing to the extent it is necessary and available.

SO ORDERED this 27th day of May, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge